52 F.3d 1122
 311 U.S.App.D.C. 277
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO,
LOCAL UNION 1141, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 
 No. 94-1570.
 United States Court of Appeals, District of Columbia Circuit.
 April 4, 1995.
 Before: EDWARDS, Chief Judge, BUCKLEY, and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on a petition for review from an order of the National Labor Relations Board ("Board"), and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The Board's decision is remanded for further consideration. Under the line of precedent that began with National Transportation Service, Inc., 240 N.L.R.B. 565 (1979), the Board may respond in either of two ways to an unfair labor practice charge against an employer involved in a contractual relationship with an entity that is exempt from regulation under section 2(2) of the National Labor Relations Act, 29 U.S.C. Sec. 152(2) (1988). It can find itself without jurisdiction because the exempt entity controls the exact terms and conditions of employment provided by the employer, thus rendering the employer incapable of bargaining as to those matters. See, e.g., Res-Care, Inc., 280 N.L.R.B. 670 (1986). Alternatively, it can take jurisdiction over the complaint upon finding that the employer retains discretionary authority to bargain over terms and condition of employment despite its contractual relationship with the exempt entity. See, e.g., Long Stretch Youth Home, Inc., 280 N.L.R.B. 678 (1986).
 
 
 3
 In this case, the Board took the latter action, finding that FKW, Inc. ("FKW"), retained authority to bargain with Local No. 1141 of the International Brotherhood of Electrical Workers ("Union") over fringe benefits, labor policies, and certain components of employee compensation, despite its contract with the Federal Aviation Administration ("FAA"). See FKW, Inc., 308 N.L.R.B. No. 84 (1992). This decision established a presumption that FKW was required to bargain with the Union as to "wages, hours, and other terms and conditions of employment." 29 U.S.C. Sec. 158(d) (1988); see also id. Sec. 158(a)(5) (providing that employer's refusal to bargain collectively constitutes an unfair labor practice). Thus, when FKW unilaterally implemented a new wage and benefit scheme prior to impasse, it presumptively violated this duty, and could avoid sanction only by demonstrating that its contract with the FAA somehow limited its authority over wages or benefits as to vitiate its ability to negotiate with respect to the specified terms.
 
 
 4
 Here, the Board erred in finding that FKW had made the requisite showing. Relying on alleged expert testimony, the Board found that any payment by FKW of wages in excess of those set forth in FKW's contract with the FAA would violate that contract. See FKW, Inc., 314 N.L.R.B. No. 52 at 3 & n. 4 (1994). However, the expert's testimony provides no support for this conclusion. The expert's testimony, while confused, establishes at best that the FAA is not obligated to reimburse FKW for any wage expenses in excess of those specified in the contract. See Hearing Tr. (Oct. 27, 1992) at 144-45, reprinted in Joint Appendix ("J.A.") 408-09. However, this testimony begs the question whether FKW was required to bargain over such wages with the Union. The expert also suggested that FKW actually would violate the contract by paying wages in excess of those specified in that agreement. See id. However, this testimony is contradicted by the plain language of the contract, which states that "the labor rates shown [in the contract] are the maximum allowable," and that "[t]he contractor shall bear expenses in excess thereof." See J.A. 189. Thus, the Board's decision finds no support in the record. For the foregoing reasons, it is
 
 
 5
 ORDERED and ADJUDGED that the decision of the Board is vacated and remanded for further proceedings consistent with this order. Upon remand, unless the Board can ascertain a legitimate alternative basis for the conclusion that FKW was contractually precluded from negotiating with the Union as to wages, it must provide an appropriate remedy for FKW's refusal to bargain.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.